UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN YAEGER,

                                           Case No.  8:18-cv-2474-T-35TGW

                    Plaintiff,

v.

BRADLEY LIVELY, *et al.*,

                    Defendant.

_____/

## DEFENDANTS' MOTION TO DISMISS

      COME NOW, Defendants SERGEANT RYAN BALSEIRO, DEPUTY SHAWN M. LUNGHI, DEPUTY BREANNA C. RODRIGUEZ and DEPUTY BENJAMIN D. THOMPSON in their respective Official Capacities, by and through the undersigned counsel, pursuant to Rule 12(b)(2), Fed.R.Civ.P. and Rule 12(b)(6) Fed.R.Civ.P. and move this Honorable Court to Dismiss the Plaintiff's SECOND AMENDED COMPLAINT [DE#38], and as grounds states as follows:

1.      On April 15, 2017, SHAWN YAEGER (YAEGER) was arrested in the 13th Judicial Circuit in and for Hillsborough County, Florida under case number 17-CF-5646, for Trafficking Amphetamine 28-200 grams, possession of drug paraphernalia, trespass in a conveyance, resisting an officer without violence, and for two fugitive warrants.   Additionally, these drug charges in Hillsborough County, Florida were related to the drug conspiracy charges in

Alexandria, Virginia (See Exhibit #1).[1]

2. On August 16, 2017, federal case 1:17-cr-00241 AJT, was filed in the United States District Court for the Eastern District of Virginia, Alexandria Division, naming YAEGER as the defendant based in part on these State charges. The criminal complaint charged YAEGER with conspiracy to distribute 50 grams or more of methamphetamine (See Exhibit #1).[2]

3. On August 21, 2017, Hillsborough County, Florida case number 17-CF-5646 was dropped in favor of the federal prosecution (See Exhibit #1).[3]

4. In and around April 2017, in Hillsborough County, Florida, YEAGER possessed access device making equipment, to wit: a magnetic reader/write MSR 605, a Datacard SP75 printer, and numerous blank plastic cards with magnetic strips (See Exhibit #2)[4].

5. YAEGER utilized hotels and apartments in Virginia, Florida, New Jersey, and elsewhere, to, among other things, receive, possess, and distribute

---

[1]See paragraph one of the Factual Background on page two of Defendant's Position with Respect to Sentencing [DE#36], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

[2]See paragraph one of the Factual Background on page two of Defendant's Position with Respect to Sentencing [DE#36], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

[3]See the last sentence of paragraph one on page one of Defendant's Position with Respect to Sentencing [DE#36], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

[4]See paragraph 12(e) of Statement of Facts [DE# 25], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

methamphetamine for profit (See Exhibit #2).[5]

6.      In furtherance of his fraudulent schemes: YAEGER relocated to at least three districts, including the Eastern District of Virginia, the Middle District of Florida, and the District of New Jersey, to evade detection and apprehension by law enforcement.[6]

7.      YAEGER was held in Florida State custody on charges related to federal case 1:17-cr-00241 AJT, and because those charges were dropped in favor of federal prosecution, YAEGER requested that the time he spent in Florida state custody awaiting trial – four months in total – be credited to his federal sentence (See Exhibit #1).[7]

8.      On February 14, 2018, YAEGER plead guilty to Conspiracy to Distribute 50 Grams or More of Methamphetamine and was committed to the United States Bureau of Prisons for one hundred sixty-eight (168) months, with credit for time served, including time served in state custody in Florida awaiting trial (See Exhibit #3).[8] Said conviction has not been reversed, expunged, declared

---

[5]See paragraph 7 of Statement of Facts [DE# 25], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

[6] See paragraph 15 of Statement of Facts [DE# 25], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

[7] See P.1-2 of Defendant's Position with Respect to Sentencing [DE#36], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

[8] See Judgment in Criminal Case, [DE#42] 1:17-CR-00241, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

invalid nor called into question.

9.      On October 11, 2019, YAEGER filed the Second Amended Complaint [DE#38] in the above styled case, based on events surrounding April 15, 2017, alleging, *inter alia*: unlawful warrantless entry of a hotel room the plaintiff was a registered guest of, in violation of the Fourth and Fourteenth Amendments; unlawful arrest without probable cause; excessive use of force; kidnaping at gunpoint; false imprisonment; slander and libel; and unlawful search and seizure of a hotel room the plaintiff was a registered guest of, in violation of the Fourth and Fourteenth Amendments.

10.     YAEGER repeatedly avers that he lawfully rented a room at the Residence Inn Marriott.  In paragraphs one through four of the Facts of Second Amended Complaint [DE#38] in the above styled case, he states: that he lawfully rented the room; in paragraph six he avers "'I am a paid customer who is still less than 2 hours till check-out therefore how can I be trespassing?'."; in paragraph nine, that he was a paid customer in the Residence Inn Marriott; and in paragraph eleven that he was a paid customer.[9]

11.     In paragraphs five through thirteen of the Facts of Second Amended

---

[9]Although these allegations must be viewed as true at this stage of the proceeding, these facts, among others, are false but more importantly are inconsistent with his guilty plea in Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

Complaint [DE#38], YAEGER claims that his room was unlawfully entered and that he was unlawfully arrested.

12. In paragraphs thirteen through seventeen of the Facts of Second Amended Complaint [DE#38], YAEGER claims his hotel room was unlawfully searched.

13. In paragraph twenty-two of Facts of Second Amended Complaint [DE#38], YAEGER avers that his Fourth and Fourteenth Amendment rights were violated in during his arrest in Hillsborough County on April 15, 2017.

14. In paragraph twenty-seven of Facts of Second Amended Complaint [DE#38], YAEGER avers "The Florida States attorneys office choose to 'nolle Pros' (*sic*) their state case and maliciously roll their case into a Federal case because their case fell apart".

15. At the time of his arrest in Hillsborough County case number 17-CF-5646, on April 15, 2017, YAEGER had two active fugitive warrants in California (warrant numbers W240612806 and XWESA08162901).

16. On April 17, 2017, YAEGER executed a Waiver of Extradition for the two active fugitive warrants.

17. On November 10, 2021, this Honorable Court Ordered [DE# 65] SHERIFF to amend his Motion to Dismiss [DE#42], as the case had been stayed for almost two years and subsequent developments may need to be addressed.

18.    On December 10, 2019, the SHERIFF filed his Motion to Dismiss [DE#42].

Since that time, YAEGER has filed multiple requests for leniency in federal

case 1:17-cr-00241 AJT, the United States District Court for the Eastern District

of Virginia, Alexandria Division.

19.    Since the filing of SHERIFF'S Motion to Dismiss [DE#42], YAEGER has <u>not</u>

filed any pleadings in case 1:17-cr-00241 AJT, that would call into question the

conviction or sentence nor reverse or invalidate that court's conviction.

20.    Contrarily, on May 20, 2021, YAEGER filed a *Pro Se* Motion for

Compassionate Release [DE#77], in case 1:17-cr-00241 AJT, that accepts

responsibility for his actions in affirmation of the charges placed against him[10]

(See Exhibit #4).

## STANDARD OF REVIEW

Under Rule 12(b)(6) Fed.R.Civ.P., a Motion to Dismiss tests the sufficiency of

a Complaint in order to determining whether the Complaint sets forth "sufficient

allegations" to establish a claim for relief. Under *Conley v. Gibson*, 355 U.S. 41, 45

(1957), a District Court should not dismiss a complaint "for failure to state a claim

unless it appears beyond a doubt that the plaintiff can prove no set of facts" that

---

[10]See the second paragraph of *Pro Se* Motion for Compassionate Release [Doc. 77], Case
1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia,
Alexandria Division. "There is no doubt the charges that brought the Defendant to prison are
quite serious and the Defendant has no one but himself to blame for his egregious conduct."

would entitle the plaintiff to relief. *Conley v. Gibson* 355 U.S. 41, 45 (1957); see also

*Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104, (11ᵗʰ Cir. 1982). To survive

a Motion to Dismiss, a plaintiff may not merely "label" his or her claims. See *Blumel*

*v. Mylander,* 919 F.Supp. 423, 425 (M.D. Fla. 1996). At a minimum, the Federal Rules

of Civil Procedure require "a short and plain statement of the claim: that will give

the defendant fair notice of what the plaintiff's claim is and the grounds upon which

it rests." *Conley,* 355 U.S. at 47 (quoting Fed. R. Civ. Pro. 8(a)(2)).

In deciding a Motion to Dismiss, a court can examine only the four (4) corners

of the complaint. See *Rickman v. Precioncare, Inc.,* 902 F. Supp. 232 (M.D. Fla. 1995).

The threshold of sufficiency that a complaint must meet to survive a motion to

dismiss is exceedingly low. *Ancata v. Prison Health Servs.,* Inc., 769 F.2d 700, 703 (11ᵗʰ

Cir. 1985).

In addition, a court must accept a plaintiff's well plead facts as true and

construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhones,*

416 U.S. 232 (1974); *Howry v. Nisus, Inc.,* 910 F. Supp. 576 (M.D. Fla. 1995). However,

when, on the basis of a dispositive issue of law, no construction of the actual

allegation of a complaint will support the cause of action, dismissal of the complaint

is appropriate. *Executive 100, Inc.  v. Martin County,* 922 F.2d 1536 (11ᵗʰ Cir. 1991);

Powell v. United States, 945 F. 2d 373 (11ᵗʰ Cir. 1991).

## JUDICIAL NOTICE OF ADJUDICATIVE FACTS

Pursuant to Rule 201(c)(2) of the Federal Rules of Evidence, Defendants request this Honorable Court take judicial notice of case 8:17-mj-01607-AEP, in the United States District Court for the Middle District of Florida and case 1:17-cr-00241-AJT, in the United States District Court for the Eastern District of Virginia, Alexandria Division.  A district court may take judicial notice of an adjudicative fact that is both "not subject to reasonable dispute" and either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Grayson v. Warden, Ala. Dep't of Corr.*, 869 F. 3d 1204, 1224-1225 (11th Cir. 2017) (quoting Fed. R. Evid. 201(b)).

## HECK v. HUMPHREY PRECLUDES PLAINTIFF'S CLAIMS

YAEGER's Second Amended Complaint [DE#38] is based upon the events of April 15, 2017, wherein he was arrested by Deputies of the Hillsborough County Sheriff's Office for Trafficking Methamphetamine, *inter alai*, out of the Residence Inn Marriott.  All of his alleged claims (unlawful warrantless entry of a hotel room the plaintiff was a registered guest of, in violation of the Fourth and Fourteenth Amendments; unlawful arrest without probable cause; excessive use of force; kidnaping at gunpoint; false imprisonment; slander and libel; and unlawful search and seizure of a hotel room the plaintiff was a registered guest of, in violation of the

Fourth and Fourteenth Amendments) arise from this arrest.  Further, each count is predicated on the argument that the entry was unlawful, thus implying the subsequent search, seizure and arrest were all unlawful.  These allegations directly question the validity of his guilty plea to Conspiracy to Distribute 50 Grams or More of Methamphetamine wherein he was committed to the United States Bureau of Prisons for one hundred sixty-eight (168) months, under federal case 1:17-cr-00241 AJT, in the United States District Court for the Eastern District of Virginia, Alexandria Division.

YAEGER's state charges of Trafficking Methamphetamines 28-200 grams, in Hillsborough County, Florida, on April 15, 2017, under case number 17-CF-5646, were dropped in favor of federal prosecution in the United States District Court for the Middle District of Florida under case number 8:17-mj-01607-AEP and those charges were likewise dropped in favor of federal prosecution in the United States District Court for the Eastern District of Virginia, Alexandria Division.  Ultimately, YAEGER plead guilty[11] (See Exhibit #5) to Conspiracy to Distribute 50 Grams or More of Methamphetamine, in case number 1:17-cr-00241 AJT, in the United States District Court for the Eastern District of Virginia, Alexandria Division based partly on the arrest in Hillsborough County on April 15, 2017.

---

[11]Plea Agreement [DE#24], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

Accordingly, in the statement of facts in YAEGER's plea agreement and Defendant's Position with Respect to Sentencing both reference the charges in Hillsborough County on April 15, 2017, as being included and contemplated in his guilty plea. YAEGER's guilty plea to Conspiracy to Distribute 50 Grams or More of Methamphetamine resulted in him being committed to the United States Bureau of Prisons for one hundred sixty-eight (168) months.

Additionally, YAEGER plead guilty, filed a motion for acceptance of responsibility[12] (See Exhibit #6), argued for and received credit for his time served in Florida state custody while awaiting trial because the charges were related to federal case 1:17-cr-00241 AJT, and because those charges "were dropped in favor of federal prosecution".[13]

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) Congress determined that habeas corpus is the appropriate remedy for prisoners attacking the validity of their confinement, and that specific determination must override the general terms of Section 1983. Yeager is attempting to bypass this process by claiming civil rights violations under 42 U.S.C. section 1983, based on a conviction that is not under appeal, not been expunged, and not called into question

---

[12]See Motion for aceptance of responsibility [DE#35], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.
[13] See P.1-2 of Defendant's Position with Respect to Sentencing [DE#36], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

by a writ of habeas corpus.  Civil tort actions, such as section 1983, are not appropriate vehicles for challenging the validity of outstanding criminal judgments, as such a claim for damages requires the plaintiff to prove the unlawfulness of his conviction or confinement.

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. YAEGER has not, and cannot, allege such a position.

YAEGER's claim for damages is based upon a conviction that has *not* been invalidated and therefore his claim is not cognizable under 42 U.S.C. Section 1983. In order for his claim to proceed, YAEGER would be challenging the legality of his conviction of one hundred sixty-eight (168) months, under federal case 1:17-cr-00241 AJT, in the United States District Court for the Eastern District of Virginia, Alexandria Division.  To allow this litigation to proceed would permit a collateral attack on this conviction.

When a plaintiff brings a  42 U.S.C. section 1983 suit for monetary damages

that "would necessarily imply the invalidity of his conviction or sentence," the suit "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated", *Yeager v. Binford,* 2019 WL 630296 citing *Heck* at 487.  The purpose of the *Heck* rule is "to limit the opportunities for collateral attack on state court convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." *Yeager* citing *Abella v. Rubino,* 63 F.3d 1063 (11th Cir. 1995).  Thus, when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  Plaintiff cannot demonstrate that his conviction has been invalidated, therefore YAEGER's Second Amended Complaint [DE#38] must be dismissed.

## JUDICIAL ESTOPPEL PRECLUDES PLAINTIFF'S CLAIMS

The equitable doctrine of judicial estoppel is intended to protect courts against parties who seek to manipulate the judicial process by changing their legal positions to suit the exigencies of the moment.  Stated simply, the doctrine of judicial estoppel rests on the principle that "absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Ryan Operations G.P.*

*v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4477 (1981)).   Judicial estoppel "is applied to the calculated assertion of divergent sworn positions ... [and] is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *McKinnon v. Blue Cross & Blue Shield of Ala.*, 935 F.2d 1187, 1192 (11th Cir.1991).   Judicial estoppel is invoked "... to prevent parties from asserting inconsistent positions in legal proceedings and, thereby, undermining the integrity of the judicial system or gaining unfair advantage over the other parties." *Helson v. Nuvell Financial Services Corp.*, 2006 WL 1804583, at 2 (M.D.Fla.2006).

Under the theory of judicial estoppel, a party is precluded from asserting a claim in a legal proceeding that is inconsistent with a claim taken by the same party in a previous proceeding. See *Barger v. City of Cartersville, Georgia*, 348 F. 3d 1289, 1293 (11th Cir. 2003)(citing *Burnes v. Pemco Aeroplex, Inc.*, 291 F. 3d 1282 (11th Cir. 2002)). The applicability of judicial estoppel turns on two factors: (1) whether the allegedly inconsistent statements were made under oath in a prior proceeding; and (2) whether the inconsistencies were calculated to make a mockery of the judicial system. See *Barger*, 348 F. 3d at 1293–94. "For purposes of judicial estoppel, intent is a purposeful contradiction-not simple error or inadvertence." Id. at 1294.

In *Slater v. U.S. Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017), the Court overruled portions of this analysis in the Bankruptcy setting, preferring consideration of all the facts in determining whether the Plaintiff had the requisite intent to make a mockery of the judicial system over an inference.

When considering the *Slater* totality of circumstances analysis to determine whether YAEGER intended to make a mockery of the judicial system, we must first look to YAEGER'S federal case 1:17-cr-00241 AJT, in the United States District Court for the Eastern District of Virginia, Alexandria Division.  In this case,  YAEGER testified under oath, submitted a signed plea agreement [DE#24], Statement of Facts [DE#25] and submitted a Motion for Acceptance of Responsibility pursuant to U.S.S.G. section 3E1.1(b)[DE#35], and submitted Defendant's Position with Respect to Sentencing [DE#36], wherein he plead guilty to using hotels in the Middle District of Florida to distribute methamphetamine and argued for credit for time served for the time he was held in Florida State custody on charges "related to"  federal case 1:17-cr-00241 AJT and was granted four months credit for the time he spent in Florida state custody awaiting trial.

After being sentenced, YAEGER filed the case at bar and in his Second Amended Complaint [DE #38] averred contentions directly contrary and inconsistent to his own sworn testimony in federal case 1:17-cr-00241 AJT, [DE#24,

DE#25, DE#35 and DE#36] in the United States District Court for the Eastern District of Virginia, Alexandria Division.

Finally, and most egregiously, YAEGER sought leniency from the Honorable Judge Anthony Trenga, in case 1:17-cr-00241 AJT, when he filed his *Pro Se* Motion for Compassionate Release [DE#77]. In his Motion,   YAEGER completely contradicted the instant case when he stated "There is no doubt the charges that brought the Defendant to prison are quite serious and the Defendant has **no one but himself to blame** for his egregious conduct" (Emphasis added). YAEGER made this assertion <u>after</u> SHERIFF filed his Motion to Dismiss calling into question plaintiff's duplicitous claims, and  <u>after</u> YAEGER was informed of SHERIFF'S Equitablle Estoppel claim.

It is clear that YAEGER's claims are a purposeful contradiction, to his sworn testimony, simply to make a mockery of the judicial system and not a simple error or inadvertence. It is completely contrariant to plead guilty, request leniency for acceptance of responsibility, request credit for time served because the charges plead to were related to the incarceration, request companionate leniency while blaming "no one but myself" and then concurrently claim to be a civil rights victim.  Thus, it is evident that the inconsistencies in the use of allegations was calculated solely to create a 42 U.S.C. section 1983 claim and an attempt to make a mockery of the

judicial system and therefore YAEGER's Second Amended Complaint [DE#38] must be dismissed.

## FAILURE TO PLEAD PROPER PARTY

Pursuant to Rule 12(b)(2) Fed.R.Civ.P. Plaintiff has failed to properly plead personal jurisdiction of any of the Defendants.  By checking both boxes of the COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (Prisoner) form, Plaintiff has averred the defendants are all liable in both their Official and Individual Capacities. However, Plaintiff has failed to plead accordingly.  Defendants respond in their Official Capacity, the appropriate capacity to respond, and move to dismiss any claims in their Individual Capacities.

## FAILURE TO STATE A CAUSE OF ACTION

Pursuant to Rule 12(b)(6), Fed.R.Civ.P. Plaintiff has failed to state a claim upon which relief can be granted.  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the"grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Factual allegations must be

enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Plaintiff alleges such torts as "Unlawful warrantless entry of a hotel room the plaintiff was a registered guest of", "Kidnapping at gunpoint" and "Unlawful search and seizure of a hotel room the plaintiff was a registered guest of".   These allegations fail to state a cognizable claim upon which relief can be granted and must be dismissed.

Additionally, Plaintiff alleges the torts of "Unlawful arrest without probable cause", "Excessive Force", "False Imprisonment", and "Slander and Libel" but has failed to plead sufficient facts to state a claim.  These allegations fail to state a claim

upon which relief can be granted and must be dismissed.

WHEREFORE, Defendant respectfully seeks the entry of an order Dismissing

Plaintiff's SECOND AMENDED COMPLAINT [DE#38] upon all Defendants.

<div style="margin-left:40%">

*/s/ Marc S. Makholm*
MARC S. MAKHOLM, ESQ.
Florida Bar No.: 94854
Hillsborough County Sheriff's Office
2008 E. 8ᵗʰ Avenue
Post Office Box 3371
Tampa, Florida  33601
Telephone (813) 247-8046
Facsimile  (813) 242-1817
mmakholm@hcso.tampa.fl.us
Trial Counsel for Defendants Sergeant Ryan
Balseiro, Deputy Shawn M. Lunghi, Deputy
Breanna C. Rodriguez and Deputy Benjamin
D. Thompson

</div>

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that I electronically filed Defendants' Motion to Dismiss

with the Clerk of Court using the CM/ECF system and that a true and correct copy

of the foregoing has been furnished by U. S. Mail, postage prepaid, to:  SHAWN

YAEGER, Federal Reg #23618-112, Fort Dix - FCI, Post Office Box 2000, Joint Base

MDL, NJ 08640, *Pro Se Plaintiff*, on this the  6ᵗʰ  day of December, 2021.

<div style="margin-left:40%">

*/s/ Marc S. Makholm*
MARC S. MAKHOLM, ESQ.

</div>