Shawn Yaeger
No. 23618-112
Fort Dix - FCI
5756 Hartford Street & Pointville Road
Post Office Box 2000
Joint Base MDL, New Jersey  08640-0902

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| Shawn Yaeger, Pro Se, Plaintiff, | |
| vs. | Case # 8:18-cv-02474-TPB-TGW |
| Michael Scott Lowry, et al., Defendants. | |

Addendum To Plaintiff's Reply Opposing
Defendant's Motion To Dismiss

COMES NOW, Shawn Yaeger, a Pro-Se "Plaintiff," who files this addendum in support of the Plaintiff's Reply Opposing Defendant's Motion To Dismiss.

Prior to the Plaintiff submitting his Reply Opposing Defendant's Motion To Dismiss, the Plaintiff made a request with the Federal Bureau of Investigation (FBI) to obtain a copy of his Criminal History record that contains specific detailed information about each time the Plaintiff was arrested, with further details about each conviction, and if any may have predicated from that arrest. If a particular criminal case was dismissed for any reason, then the reporting agency would indicate such on the Criminal History record as well as the reason for such dismissal.

After the Plaintiff submitted his Reply Opposing Defendant's Motion To

Dismiss, he received a copy of the requested Criminal History record from the FBI. See Exhibit (A)

Exhibit (A) is a four (4) page report solely based on the April 15, 2017 arrest, and relating to this instant Civil Rights lawsuit. Page two (2) of Exhibit (A) is a list of all the initial alleged offenses that Defendant Deputy Sheriff Michael Lowry charged the Plaintiff with. The bottom of page two (2) through four (4) of this record detail each charge respectively with the disposition and date each was disposed of.

There was a total of four (4) charges that Deputy Sheriff Michael Lowry filed against the Plaintiff: (1) Possession of Drug Paraphernalia; (2) Drug Trafficking in Amphetamine; (3) Resisting Officer Without Violence; and (4) Trespassing in Occupied Structure or Conveyance.

All of the charged offenses listed on page two (2) through four (4) under "disposition" state each and every charge Deputy Sheriff Michael Lowry filed against Plaintiff were "Nolle Prosequi." The most relevant definition for "Nolle Prosequi" is: "n. [Latin 'not to wish to prosecute'] 1. A legal notice that a lawsuit or prosecution has been abandoned. 2. A docket entry showing that the plaintiff of the prosecution has abandoned the action. vb. To abandon (a suit or prosecution); to have (a case) dismissed by a nolle prosequi." Nolle Prosequi, Black's Law Dictionary (Third Edition 2006); "Lat.: unwilling to prosecute; the prosecutor's abandonment of a charging document, count or part of a count; a discontinued prosecution by the authorized attorney for the state; the formal entering of a declaration that a case will not be further prosecuted. See dismissal." Nolle Prosequi, Barron's Dictionary of Legal Terms, Steven H. Gifis, (Fifth Edition 2016).

And the most relevant definition for "Dismissal" is: "n. 1. Termination of an action or claim without further hearing, especially before the trial of the issues involved." Black's Law Dictionary (Third Edition 2006); "a cancellation. Dismissal of a motion is a denial of the motion. Dismissal of a complaint or a related count terminates proceedings on the claim asserted in the complaint." Dismissal, Barron's Dictionary of Legal Terms, Steven H. Gifis, (Fifth Edition 2016). The Clerk of the Circuit Court in and for Hillsborough County would have supplied this detailed Case information to the FBI, and nowhere in this record does it indicate any conviction on any count, nor does it indicate the Florida State Criminal Case No. 17-CF-5646 was transferred to any other agency. Once again, this Criminal History record indicates that all charges were nolle prosequi on August 21, 2017. Therefore, in layman terms, all charges listed in the attached report were DISMISSED or TERMINATED!

In the instant matter, Defense counsel is making hollow claims that this Civil Rights lawsuit is barred by Heck v. Humphrey because of any conviction that stems from the Florida State Criminal Case No. 17-CF-5646, but nothing in the: (1) Plea agreement; (2) Statement of Facts; (3) Judgement and Commitment Order (that was attached to the Plaintiff's Reply Opposing Defendant's Motion To Dismiss); or, (4) the attached Criminal History record supports Defense counsel's baseless claim. To the contrary, the records and the Criminal History record is irrefutable proof that the Florida State Criminal Case No. 17-CF-5646 was DISMISSED or TERMINATED and at no time was the Case transferred nor was there any conviction related to the Case. It's simply not there.

Based on this new information and the responses outlined in the Plaintiff's Reply Opposing Defendant's Motion To Dismiss, the only course of action is for this Court is to enter an Order denying the Defendant's Motion To Dismiss. The Plaintiff respectfully requests this Honorable Court to do so at this time.

Respectfully submitted this 16th day of May, 2022.

_____
Shawn Yaeger
Pro Se - Plaintiff

# CERTIFICATE OF SERVICE

    I, Shawn Yaeger, Certify that prior to 5:00pm on May 16th, 2022, the true and correct required copies of the attached "ADDENDUM TO PLAINTIFF'S REPLY OPPOSING DEFENDANT'S MOTION TO DISMISS," with, if any, all attachments, exhibits, memorandums of points, authorities, affidavits, and supporting documents, were deposited in a United States Postal Service mailbox in Fort Dix Federal Correctional Institution housing unit 5802, in accordance with Rule 4 of the Federal Rules of Civil Procedure, and in accordance with the "Mailbox Rule" established in Houston v. Lack, 487 U.S. 266 (1988). These articles were in sealed, properly-addressed envelope(s), with first class postage duly paid and affixed to the envelope(s) for delivery via United States Postal Service with the envelope(s) addressed as follows:

<u>Filed with:</u>

United States District Court
For the Middle District of Florida
Tampa Division
801 N. Florida Avenue
Tampa, Florida 33602

<u>Served upon:</u>

Marc Soren Makholm
Hillsborough County Sheriff
2008 East 8th Avenue
Tampa, Florida 33605

    The undersigned declares under penalty of perjury, and in accordance with 28 U.S.C. § 1746, that all of the statements made in this Certificate of Service are true and correct to the best of the undersigned's knowledge. If called to testify as a witness in this matter, the undersigned could and would competently testify to each of the facts set forth in the Certificate.

This Certification was executed on May 16th, 2022.

*(signature)*

Shawn Yaeger
Pro Se - Plaintiff
No. 23618-112
Fort Dix - FCI
5756 Hartford Street & Pointville Road
Post Office Box 2000
Joint Base MDL, New Jersey
08640-0902