Shawn Yaeger v. Michael Scott Lowry, et al.    Case No. 8:18-cv-02474-TPB-TGW

## Attachment "1"

Third Amended Complaint

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Shawn Yaeger,
   Pro Se - Plaintiff,

vs.

Michael Scott Lowry
Ryan Balseiro
Shawn M. Lunghi
Breanna C. Rodriguez - and
Benjamin D. Thompson
   Defendants.

Third amended complaint

## I
## INTRODUCTORY STATEMENT

1. This is a civil action seeking reparations for damages sustained by a Citizen of the United States of America against Deputy Sheriffs of the Hillsborough County Sheriff's Office, who unlawfully entered and illegally searched the Plaintiff's hotel suite, unlawfully arrested and imprisoned, used excessive force, and maliciously prosecuted the Plaintiff.

## II
## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 USC §1983, and the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America.

3. This Court has subject-matter jurisdiction of the action pursuant to 28 USC §§ 1331, 1343(a)(3), (4).

4. This Court may also exercise supplemental jurisdiction over the Plaintiff's State law claims that arise from the same facts and circumstances under 28 USC §1367.

5. The venue is proper in this Judicial District due to the fact that the events alleged herein all occurred within the Middle District of Florida, Tampa, Hillsborough County.

## III
## PARTIES

6. Plaintiff, Shawn Yaeger, by birth a Citizen of the United States of America,

1

and by domicile a Citizen of the State of California. He is being held in custodial legis in a political subdivision on Joint Base McGuire-Dix-Lakehurst, a military base, known as "Fort Dix - Federal Correctional Institution," which is within the State of New Jersey, Burlington County.

7. At all times relevant to this action, defendant, Michael Scott Lowry was a Deputy Sheriff employed by the Hillsborough County Sheriff's Office to perform duties in Hillsborough County, Florida and was assigned to the Tampa Division.

   a. At all relevant times, this defendant was acting as the agent, servant, and employee of the Hillsborough County Sheriff's Office.

   b. This defendant is sued in his individual capacity.

8. At all times relevant to this action, defendant, Ryan M. Balseiro was a Sergeant employed by the Hillsborough County Sheriff's Office to perform duties in Hillsborough County, Florida and was assigned to the Tampa Division.

   a. At all relevant times, this defendant was acting as the agent, servant, and employee of the Hillsborough County Sheriff's Office.

   b. This defendant is sued in his individual capacity.

9. At all times relevant to this action, defendant, Shawn M. Lunghi was a Deputy Sheriff employed by the Hillsborough County Sheriff's Office to perform duties in Hillsborough County, Florida and is assigned to the Tampa Division.

   a. At all relevant times, this defendant was acting as the agent, servant, and employee of the Hillsborough County Sheriff's Office.

   b. This defendant is sued in his individual capacity.

10. At all times relevant to this action, defendant, Breanna C. Rodriguez was a Deputy Sheriff employed by the Hillsborough County Sheriff's Office to perform duties in Hillsborough County, Florida and is assigned to the Tampa Division.

    a. At all relevant times, this defendant was acting as the agent, servant, and employee of the Hillsborough County Sheriff's Office.

    b. This defendant is sued in her individual capacity.

11. At all times relevant to this action, defendant, Benjamin D. Thompson was a Deputy Sheriff employed by the Hillsborough County Sheriff's Office to perform duties in Hillsborough County, Florida and is assigned to the Tampa Division.

    a. At all relevant times, this defendant was acting as the agent, servant, and employee of the Hillsborough County Sheriff's Office.

b. This defendant is sued in his individual capacity.

Hereinafter: Defendants.

12. At all relevant times and in all their actions, the defendant's misappropriated and abuse authority granted to them as Deputy Sheriffs by acting under the color of Florida State Law with the purpose and intention of using force and restraint against the plaintiff.

IV
FACTUAL ALLEGATIONS

13. On April 3, 2017, the Plaintiff, Shawn Yaeger, rented a hotel suite that was booked through Hotels.com, an Expedia, Inc. company, to stay at the Residence Inn Tampa Sabal Park Hotel which is located at 9719 Princess Palm Avenue, Brandon, Florida 33619, beginning April 3, 2017 and through April 5, 2017. Over the course of the Plaintiff's stay, he made several subsequent reservations, extending his hotel stay through 12:00pm on April 15, 2017. During the entire period beginning April 3, 2017 and through April 15, 2017, the Plaintiff was a registered guest of the Residence Inn Tampa Sabal Park Hotel that is located at 9719 Princess Palm Avenue, Brandon, Florida 33619, in suite 225 with no lapse in reservations.

14. On April 14, 2017, the Plaintiff renewed his reservation with Hotels.com, requesting the current reservation be extended for an additional two days with the final check-out date to be April 17, 2017. It should be noted that pursuant to hotel policy, all hotel reservations expire at 12:00pm on the day of check-out.

15. On April 15, 2017, at 10:00am the customer service manager of the Residence Inn, Bradley Lively, called the Plaintiff on the in-suite telephone to inform the plaintiff that the hotel received a cancellation fax from Expedia instructing the hotel to cancel the new reservation set for April 15, 2017 and through April 17, 2017 because of suspected fraud on the reservation. At that time, Bradley Lively told the Plaintiff that it was his and the hotel's decision to have the Plaintiff vacate the hotel property that day at the normal 12:00pm check-out time.

16. Bradley Lively placed another telephone call thereafter to 9-1-1 wherein he stated who he was and that his hotel had a trespasser in suite 225 that he wanted immediately removed.

17. On April 15, 2017, at 10:08am, Bradley Lively, accompanied by Hillsborough

3

County Sheriff Deputies, the Defendants, to suite 225 where they loudly knocked on the hotel suite door demanding/instructing the Plaintiff to open the door, that Bradley Lively placed a call to 9-1-1 because he wanted the Plaintiff removed from the hotel property because he was "trespassing."

18. Speaking through the door and without opening the door, the Plaintiff told the Defendants and Bradley Lively: "I am a paid customer who still has almost two hours remaining on this hotel stay until the check-out, therefore, how can I be trespassing?"

19. Bradley Lively responded to the Plaintiff's question by stating: "I don't care that I told you to check-out today by 12:00pm, the hotel and I simply want you gone now."

20. At that time the Plaintiff reiterated to the Defendants and Bradley Lively that he was a paid customer of the hotel and further told the Defendants "The reservation in question is a future reservation for the dates of April 15, 2017 through April 17, 2017, with a check-in time of 1:00pm. I still have almost two hours remaining on my existing reservation and if you (the Defendants or Bradley Lively) want to enter the suite before that time you must provide me with a search warrant to enter."

21. Deputy Sheriff, Michael Lowry, continued knocking, demanding entry into suite 225, telling the Plaintiff "I don't need a search warrant to enter your hotel room and I will force entry if you do not comply."

22. Through the closed door, the Plaintiff heard Bradley Lively tell Deputy Sheriff Michael Lowry, "I authorize you to force entry into this hotel room." At that time, Bradley Lively, handed Deputy Sheriff Michael Lowry a master room key to enter the hotel room but the door chain was locked on the inside which prevented the door from swinging open.

23. At that time and without providing any search warrant to enter, Deputy Sheriff Michael Lowry, Deputy Sheriff Shawn M. Lunghi, Deputy Sheriff Breanna C. Rodriguez, and Deputy sheriff Benjamin D. Thompson illegally and unlawfully forced entry into the plaintiff's hotel suite, room 225, in violation of the Plaintiff's Fourth and Fourteenth amendments of the Constitution of the United States.

24. Upon the Defendants' entering the Plaintiff's hotel suite they had their guns drawn and Deputy Sheriff Michael Lowry and Deputy Sheriff Shawn Lunghi

aggressively rushed the Plaintiff and tackled him to the ground, twisting his arm and causing the Plaintiff unnecessary pain and suffering.

25. At that time, Deputy Sheriff Michael Lowry unlawfully seized the Plaintiff without probable cause, placing him in handcuffs and sat him in a chair at the dining table in the suite.

26. Immediately upon handcuffing the Plaintiff, the Defendants unlawfully searched the Plaintiff's hotel suite which included opening closed containers such as the desk drawers, the dresser drawers, and the Plaintiff's cell phones.

27. During the course of the illegal warrantless search, the Defendants located 3.5 grams of crystal methamphetamine, drug paraphernalia, and ID making equiptment. Deputy Sheriff Breanna Rodriguez took photos of items found inside the hotel suite.

28. Upon completing the unlawful warrantless search, Deputy Sheriff Michael Lowry used his cellphone to make a call to his superior, Sergeant Ryan M. Balseiro who arrived on the site a short time later.

29. Upon Sergeant Ryan Balseiro arriving on site, he and Deputy Sheriff Michael Lowry immediately walked through the suite and after a couple of minutes both defendants stepped outside the room while leaving the door to the room ajar. The Plaintiff overheard Deputy Sheriff Michael Lowry explain to Sergeant Ryan Balseiso the circumstances that brought the Defendants to the hotel and how they forced their way into the Plaintiff's hotel suite. At the time Sergeant Ryan Balseiro questioned why this was done without a search warrant and with the end result being his instruction of Deputy Sheriff Michael Lowry to obtain a search waiver from the Plaintiff. It should be noted that at no time did Sergeant Ryan Balseiro take any action to correct the unlawful warrantless entry and illegal search of the hotel suite and illegal seizure of the Plaintiff.

30. Within an hour of the Defendants arriving at the hotel suite, Sergeant Ryan Balseiro ordered Deputy Sheriff Benjamin Thompson to transport the Plaintiff to the Hillsborough County Sheriff's Orient Road Jail for questioning and processing.

31. On April 15, 2017, after the arrest of the Plaintiff, Defendant Deputy Sheriff Michael Lowry maliciously and without reasonable or probable cause requested the Florida State Attorneys' office to charge the Plaintiff in three misdemeanor counts, with trespassing, drug paraphernalia, and resisting arrest and with one felony count, being drug trafficking between 28 grams to 200 grams of crystal

methamphetamine. It should be noted that the fruits of the poisonous search of the Plaintiff's hotel suite only produced 3.5 grams of crystal methamphetamine, not the 28-200 grams that Deputy Sheriff Michael Lowry maliciously and fraudulently charged the plaintiff with.

32. The Plaintiff was falsely imprisoned 130 days until on August 21, 2017, the Plaintiff appeared in court where the Florida State Attorney assigned to the criminal complained filed an oral motion in open court which informed the court that the Attorneys' office would no longer prosecute the complaint "Nolle Pros" and at the time the circuit court judge assigned to the criminal complaint dismissed the case accordingly.

33. As a result of the misconduct described herein, the Plaintiff experienced humiliation, emotional distress, pain and suffering, increased expenses, including legal fees due to the retention of Counsel, and reputational harm.

34. The Plaintiff was also physically injured as a result of the aggressive force employed by the Defendants in seizing his person.

35. As a consequence of the abuse of authority detailed herein, the Plaintiff sustained the damages alleged above.

# V
# FEDERAL THEORIES OF RECOVERY

## 42 U.S.C. § 1983

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any Citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

36. The actions and omissions described above, engaged in under the color of State authority by the Defendants, deprived the Plaintiff of rights secured to him by the Constitution of the United States, including but not limited to the Plaintiff's:

a. Fourth Amendment right to be free from warrantless search and unlawfull seizure of his person and property.

b. Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by law enforcement; and

c. Eighth Amendment right to be free from cruel and unusual punishment.

## VI
## STATE LAW THEORIES OF RECOVERY

37. The acts and conduct alleged herein constitute actionable torts under the laws of the State of Florida, including the torts of:

a. False arrest and imprisonment

b. Assault and Battery;

c. Malicious prosecution;

d. Abuse of process; and

e. Personal Injury.

The Plaintiff entered a contract with the Residence Inn Tampa Sabal Park Hotel from april 3, 2017 through April 15, 2017; which includes the lawful extensions of the contract. The Plaintiff was not ever trespassing as he was a guest at the Hotel and by contract, his Rights to privacy and Due Process are preserved to him. The harm in this matter manifests in both monetary losses for the loss of personal property and false imprisonment and is furthered by bodily harm stemming from the abusive use of force against the Plaintiff's person in the process of unlawfully detaining him. It can also be said that intangible harm was also suffered by reputational harm and psychological trauma associated with the traumatic incident. These injuries were sustained for no just cause and had the power to take away the Plaintiff's liberty interest by way of physical restraint on his person without lawful authority.

A) Michael Scott Lowry, personally caused a direct and concrete harm to the Plaintiff for the following reasons:

Mr. Lowry subjected and caused to be subjected, the Plaintiff to monetary loss, libel, and loss of liberty directly associated with actions of the Defendant. The foregoing statement of facts, which lists the actions taken by the defendant showcases that:

1. Participated directly in the incident that resulted in personal injury to the Plaintiff,
2. the Defendant was informed of his wrongdoing but failed to remedy the wrong or change his actions,
3. the Defendant created and enforced their own rules and interpretations of the law that were repugnant to both Florida State and United States laws and the rights of the Plaintiff guaranteed by the Constitution of the United States of America,
4. the Defendant was grossly negligent in his use of force and restraint against the Plaintiff and failed to verify any contractual agreement existed between the Hotel and the Plaintiff before taking egregious actions that were unlawful and unwarranted. The use of unnecessary force against the Plaintiff resulted in his loss of liberty and financial loss due to retaining an attorney for his defense, which is further amplified by his inability to work due to the 130 days of wrongful incarceration.

The actions taken by the Defendant were intentional and resulted in a false arrest/imprisonment for 130 days, and invasion of privacy, due to a Fourth Amendment violation, and the loss of personal property valued at $25,000. These personal injuries inflicted by the Defendant manifested directly from the outrageous conduct the both intentionally and recklessly caused irreversible emotional distress, monetary loss, and loss of liberty because of the Defendant's personal gross negligence and abuse of power.

B) Ryan Balseiro, personally caused a direct and concrete harm to the Plaintiff for the following reasons:

Mr. Balseiro subjected and caused to be subjected, the Plaintiff to monetary loss, libel, and loss of liberty directly associated with actions of the Defendant. The foregoing statement of facts, which lists the actions taken by

9

the defendant showcases that:

1. Participated directly in the incident that resulted in personal injury to the Plaintiff,
2. the Defendant was informed of his wrongdoing but failed to remedy the wrong or change his actions,
3. the Defendant created and enforced their own rules and interpretations of the law that were repugnant to both Florida State and United States laws and the rights of the Plaintiff guaranteed by the Constitution of the United States of America,
4. the Defendant was grossly negligent in his use of force and restraint against the Plaintiff and failed to verify any contractual agreement existed between the Hotel and the Plaintiff before taking egregious actions that were unlawful and unwarranted. The use of unnecessary force against the Plaintiff resulted in his loss of liberty and financial loss due to retaining an attorney for his defense, which is further amplified by his inability to work due to the 130 days of wrongful incarceration.

The actions taken by the Defendant were intentional and resulted in a false arrest/imprisonment for 130 days, and invasion of privacy, due to a Fourth Amendment violation, and the loss of personal property valued at $25,000. These personal injuries inflicted by the Defendant manifested directly from the outrageous conduct the both intentionally and recklessly caused irreversible emotional distress, monetary loss, and loss of liberty because of the Defendant's personal gross negligence and abuse of power.

C) Shawn M. Lunghi, personally caused a direct and concrete harm to the Plaintiff for the following reasons:

Mr. Lunghi subjected and caused to be subjected, the Plaintiff to monetary loss, libel, and loss of liberty directly associated with actions of the Defendant. The foregoing statement of facts, which lists the actions taken by the defendant showcases that:

1. Participated directly in the incident that resulted in personal injury to the Plaintiff,
2. the Defendant was informed of his wrongdoing but failed to remedy the wrong or change his actions,

3. the Defendant created and enforced their own rules and interpretations of the law that were repugnant to both Florida State and United States laws and the rights of the Plaintiff guaranteed by the Constitution of the United States of America,

4. the Defendant was grossly negligent in his use of force and restraint against the Plaintiff and failed to verify any contractual agreement existed between the Hotel and the Plaintiff before taking egregious actions that were unlawful and unwarranted. The use of unnecessary force against the Plaintiff resulted in his loss of liberty and financial loss due to retaining an attorney for his defense, which is further amplified by his inability to work due to the 130 days of wrongful incarceration.

The actions taken by the Defendant were intentional and resulted in a false arrest/imprisonment for 130 days, and invasion of privacy, due to a Fourth Amendment violation, and the loss of personal property valued at $25,000. These personal injuries inflicted by the Defendant manifested directly from the outrageous conduct the both intentionally and recklessly caused irreversible emotional distress, monetary loss, and loss of liberty because of the Defendant's personal gross negligence and abuse of power.

D) Breanna C. Rodriguez, personally caused a direct and concrete harm to the Plaintiff for the following reasons:

Ms. Rodriguez subjected and caused to be subjected, the Plaintiff to monetary loss, libel, and loss of liberty directly associated with actions of the Defendant. The foregoing statement of facts, which lists the actions taken by the defendant showcases that:

1. Participated directly in the incident that resulted in personal injury to the Plaintiff,

2. the Defendant was informed of her wrongdoing but failed to remedy the wrong or change his actions,

3. the Defendant created and enforced their own rules and interpretations of the law that were repugnant to both Florida State and United States laws and the rights of the Plaintiff guaranteed by the Constitution of the United States of America,

4. the Defendant was grossly negligent in her use of force and restraint

against the Plaintiff and failed to verify any contractual agreement existed between the Hotel and the Plaintiff before taking egregious actions that were unlawful and unwarranted. The use of unnecessary force against the Plaintiff resulted in his loss of liberty and financial loss due to retaining an attorney for his defense, which is further amplified by his inability to work due to the 130 days of wrongful incarceration.

The actions taken by the Defendant were intentional and resulted in a false arrest/imprisonment for 130 days, and invasion of privacy, due to a Fourth Amendment violation, and the loss of personal property valued at $25,000. These personal injuries inflicted by the Defendant manifested directly from the outrageous conduct the both intentionally and recklessly caused irreversible emotional distress, monetary loss, and loss of liberty because of the Defendant's personal gross negligence and abuse of power.

E) Benjamin D. Thompson, personally caused a direct and concrete harm to the Plaintiff for the following reasons:

Mr. Thompson subjected and caused to be subjected, the Plaintiff to monetary loss, libel, and loss of liberty directly associated with actions of the Defendant. The foregoing statement of facts, which lists the actions taken by the defendant showcases that:
1. Participated directly in the incident that resulted in personal injury to the Plaintiff,
2. the Defendant was informed of his wrongdoing but failed to remedy the wrong or change his actions,
3. the Defendant created and enforced their own rules and interpretations of the law that were repugnant to both Florida State and United States laws and the rights of the Plaintiff guaranteed by the Constitution of the United States of America,
4. the Defendant was grossly negligent in his use of force and restraint against the Plaintiff and failed to verify any contractual agreement existed between the Hotel and the Plaintiff before taking egregious actions that were unlawful and unwarranted. The use of unnecessary force against the Plaintiff resulted in his loss of liberty and financial loss due to retaining an attorney for his defense, which is further amplified by his inability to work due to the 130 days of wrongful incarceration.

The actions taken by the Defendant were intentional and resulted in a false arrest/imprisonment for 130 days, and invasion of privacy, due to a Fourth Amendment violation, and the loss of personal property valued at $25,000. These personal injuries inflicted by the Defendant manifested directly from the outrageous conduct the both intentionally and recklessly caused irreversible emotional distress, monetary loss, and loss of liberty because of the Defendant's personal gross negligence and abuse of power.

These injuries constitute "concrete harm" to the Plaintiff which was directly caused by the actions of the Defendants both individually and severally as named in this suit.

## VII
## PRAYER FOR RELIEF

The Plaintiff is seeking monetary compensation for the egregious harm endured by the numerous abuses of the Defendants to be awarded both individually and collectively in the amount of $7,800,000. This figure was reached by calculating the president set in the Federal Courts of valuing each day of wrongful incarceration at $60,000/day which was multiplied by the 130 days the Plaintiff was falsely imprisoned.

The Plaintiff also seeks an award to cover the expenses of filing this suit, including money paid to counsel retained to held in the Plaintiff's defense.

Dated this 23rd day of May, 2022.

Shawn Yaeger
No. 2361-112
Fort Dix - FCI
P.O. Box 2000
Joint Base MDL, New Jersey 08640

13

Shawn Yaeger v. Michael Scott Lowry, et al.    Case No. 8:18-cv-02474-TPB-TGW

## Attachment "2"

Defendants

1. Michael Scott Lowry;

2. Ryan Balseiro;

3. Shawn M. Lunghi;

4. Breanna C. Rodriguez;

5. Benjamin D. Thompson.

Shawn Yaeger v. Michael Scott Lowry, et al.      Case No. 8:18-cv-02474-TPB-TGW

## Attachment "3"

Defendants

Defendant # 5

| | |
|---|---|
| Name: | Benjamin D. Thompson |
| Title: | Deputy Sheriff |
| Shield No. | 205934 |
| Employee: | Hillsborough County Sheriffs' Office |
| Address: | 2008 East 8th Avenue |
| | Tampa, Florida  33605 |

__X__ This defendant is sued in individual capacity.