UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN YAEGER,

             Case No.  8:18-cv-2474-T-35TGW

  Plaintiff,

v.

BRADLEY LIVELY, *et al.*,

  Defendant.

_____/

## DEFENDANTS' THIRD MOTION TO DISMISS

  COME NOW, Defendants SERGEANT RYAN BALSEIRO, DEPUTY SHAWN M. LUNGHI, DEPUTY BREANNA C. RODRIGUEZ and DEPUTY BENJAMIN D. THOMPSON in their respective Official Capacities, by and through the undersigned counsel, pursuant to Rule 12(b)(2), Fed.R.Civ.P. and Rule 12(b)(6) Fed.R.Civ.P. and move this Honorable Court to Dismiss the Plaintiff's THIRD AMENDED COMPLAINT [DE#81], and as grounds states as follows:

1. On April 15, 2017, SHAWN YAEGER ("YAEGER") was arrested in the 13th Judicial Circuit in and for Hillsborough County, Florida under case number 17-CF-5646, for Trafficking Amphetamine 28-200 grams, possession of drug paraphernalia, trespass in a conveyance, resisting an officer without violence, and for two fugitive warrants.  Additionally, these drug charges in Hillsborough County, Florida were related to the drug conspiracy charges in

Alexandria, Virginia (See Exhibit #1).[1]

2. On August 16, 2017, federal case 1:17-cr-00241 AJT, was filed in the United States District Court for the Eastern District of Virginia, Alexandria Division, naming YAEGER as the defendant based in part on these State charges. The criminal complaint charged YAEGER with conspiracy to distribute 50 grams or more of methamphetamine (See Exhibit #1).[2]

3. On August 21, 2017, Hillsborough County, Florida case number 17-CF-5646 was dropped in favor of the federal prosecution (See DE#61, Exhibit #1).[3]

4. In and around April 2017, in Hillsborough County, Florida, YEAGER possessed access device making equipment, to wit: a magnetic reader/write MSR 605, a Datacard SP75 printer, and numerous blank plastic cards with magnetic strips (See Exhibit #2)[4].

5. YAEGER utilized hotels and apartments in Virginia, Florida, New Jersey, and elsewhere, to, among other things, receive, possess, and distribute

---

[1] See paragraph one of the Factual Background on page two of Defendant's Position with Respect to Sentencing [DE#36], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

[2] See paragraph one of the Factual Background on page two of Defendant's Position with Respect to Sentencing [DE#36], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

[3] See the last sentence of paragraph one on page one of Defendant's Position with Respect to Sentencing [DE#36], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

[4] See paragraph 12(e) of Statement of Facts [DE# 25], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

methamphetamine for profit (See Exhibit #2).[5]

6. In furtherance of his fraudulent schemes: YAEGER relocated to at least three districts, including the Eastern District of Virginia, the Middle District of Florida, and the District of New Jersey, to evade detection and apprehension by law enforcement.[6]

7. YAEGER was held in Florida State custody on charges related to federal case 1:17-cr-00241 AJT, and because those charges were dropped in favor of federal prosecution, YAEGER requested that the time he spent in Florida state custody awaiting trial – four months in total – be credited to his federal sentence (See Exhibit #1).[7]

8. On February 14, 2018, YAEGER plead guilty to Conspiracy to Distribute 50 Grams or More of Methamphetamine and was committed to the United States Bureau of Prisons for one hundred sixty-eight (168) months, with credit for time served, including time served in state custody in Florida awaiting trial (See Exhibit #3).[8] Said conviction has not been reversed, expunged, declared

---

[5] See paragraph 7 of Statement of Facts [DE# 25], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

[6] See paragraph 15 of Statement of Facts [DE# 25], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

[7] See P.1-2 of Defendant's Position with Respect to Sentencing [DE#36], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

[8] See Judgment in Criminal Case, [DE#42] 1:17-CR-00241, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

invalid nor called into question.

9. Plaintiff's THIRD AMENDED COMPLAINT [DE#81], in the above styled case, based on events surrounding April 15, 2017, includes two sections: the *pro se* civil rights form and his Third Amended Complaint.

10. The THIRD AMENDED COMPLAINT [DE#81] begins with "Introductory Statement", "Jurisdiction and Venue", and "Parties", in paragraphs one through twelve; the Plaintiff then pleads his "Factual Allegations" from paragraphs 13 through 35.

11. Plaintiff pleads "Federal Theories of Recovery 42 U.S.C. 1983" in paragraph thirty-six(a)-(c), where Plaintiff refers to the Fourth Amendment, the Fifth Amendment and Fourteenth Amendment, and the Eighth Amendment.

12. Plaintiff pleads "State Law Theories of Recovery" in paragraph 37(a)-(e) and then refers to False arrest and imprisonment, Assault and Battery, Malicious Prosecution, Abuse of Process, and Personal Injury without adopting any previous factual allegation paragraphs by reference or pleading a factual basis.

13. Next, under "State Law Theories of Recovery", after paragraph 37(a)-(e), Plaintiff utilizes the labels "(A)-(E)", where he cuts and pastes the names of each defendant into the same conclusory allegations without adopting any

previous factual allegation paragraphs by reference or pleading a factual basis.

14. In paragraph 13, YAEGER avers that he rented a hotel suite at the Residence Inn., that he was a registered guest of the Residence Inn with <u>no</u> lapse in reservations and in paragraph 18 he states "I am a paid customer who still has almost two hours remaining on this hotel stay until check-out, therefore, how can I be trespassing?"[9]

15. In paragraphs 23 and 24 YAEGER claims that his room was unlawfully entered and that he was unlawfully arrested.

16. In paragraphs 27 through 29, YAEGER claims his hotel room was unlawfully searched.

17. In paragraph 32, YAEGER avers the Florida States attorneys office would no longer prosecute the complaint "Nolle Pros".

18. At the time of his arrest in Hillsborough County case number 17-CF-5646, on April 15, 2017, YEAGER had two active fugitive warrants in California (warrant numbers W240612806 and XWESA08162901).

19. On April 17, 2017, YAEGER executed a Waiver of Extradition for the two

---

[9] Although these allegations must be viewed as true at this stage of the proceeding, these facts, among others, are false but more importantly are inconsistent with his guilty plea in Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

active fugitive warrants.

20. YAEGER has filed multiple requests for leniency in federal case 1:17-cr-00241 AJT, the United States District Court for the Eastern District of Virginia, Alexandria Division.

21. YAEGER has <u>not</u> filed any pleadings in case 1:17-cr-00241 AJT, that would call into question the conviction or sentence nor reverse or invalidate that court's conviction.

22. On May 20, 2021, YAEGER filed a *Pro Se* Motion for Compassionate Release [DE#77], in case 1:17-cr-00241 AJT, that accepts responsibility for his actions in affirmation of the charges placed against him (See Exhibit #4).[10]

## **STANDARD OF REVIEW**

Under Rule 12(b)(6) Fed.R.Civ.P., a Motion to Dismiss tests the sufficiency of a Complaint in order to determining whether the Complaint sets forth "sufficient allegations" to establish a claim for relief. Under *Conley v. Gibson,* 355 U.S. 41, 45 (1957), a District Court should not dismiss a complaint "for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts" that would entitle the plaintiff to relief.  *Conley v. Gibson* 355 U.S. 41, 45 (1957); see also

---

[10]See the second paragraph of page 17, of the *Pro Se* Motion for Compassionate Release [Doc. 77], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.  "There is no doubt the charges that brought the Defendant to prison are quite serious and the Defendant has no one but himself to blame for his egregious conduct."

*Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104, (11th Cir. 1982). To survive a Motion to Dismiss, a plaintiff may not merely "label" his or her claims. See *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D. Fla. 1996). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim: that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47 (quoting Fed. R. Civ. Pro. 8(a)(2)).

In deciding a Motion to Dismiss, a court can examine only the four (4) corners of the complaint. See *Rickman v. Precioncare, Inc.,* 902 F. Supp. 232 (M.D. Fla. 1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs.*, Inc., 769 F.2d 700, 703 (11th Cir. 1985).

In addition, a court must accept a plaintiff's well plead facts as true and construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhones*, 416 U.S. 232 (1974); *Howry v. Nisus, Inc.,* 910 F. Supp. 576 (M.D. Fla. 1995). However, when, on the basis of a dispositive issue of law, no construction of the actual allegation of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir. 1991); Powell v. United States, 945 F. 2d 373 (11th Cir. 1991).

## JUDICIAL NOTICE OF ADJUDICATIVE FACTS

Pursuant to Rule 201(c)(2) of the Federal Rules of Evidence, Defendants

request this Honorable Court take judicial notice of case 8:17-mj-01607-AEP, in the United States District Court for the Middle District of Florida and case 1:17-cr-00241-AJT, in the United States District Court for the Eastern District of Virginia, Alexandria Division.  A district court may take judicial notice of an adjudicative fact that is both "not subject to reasonable dispute" and either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Grayson v. Warden, Ala. Dep't of Corr.*, 869 F. 3d 1204, 1224-1225 (11th Cir. 2017) (quoting Fed. R. Evid. 201(b)).

## **FAILURE TO STATE A CAUSE OF ACTION**

Pursuant to Rule 12(b)(6), Fed.R.Civ.P. Plaintiff has failed to state a claim upon which relief can be granted.  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A.

Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Plaintiff alleges such torts as "warrantless search and unlawful seizure of his person and property", "due process of law", "excessive force", and "cruel and unusual punishment" but has failed to label any in a specific count, failed to plead sufficient facts to state a claim and failed to identify which defendant, if any, has committed which claim.

Plaintiff's THIRD AMENDED COMPLAINT [DK#81] fails to state a claim upon which relief can be granted and must be dismissed.

## **MOTION TO DISMISS SHOTGUN PLEADING**

In every complaint, there must be a "Count", however the THIRD AMENDED COMPLAINT [DK#81] has none – this is improper. "Each claim founded on a

separate transaction or occurrence…must be stated in a separate count." Fed. R. Civ. P. Rule 10.  Plaintiff has failed to do so.

PLAINTIFF has alleged an Introductory Statement, Jurisdiction and Venue, Parties, Factual Allegations, Federal Law Theories for Recovery and State Law Theories for Recovery, but has not plead any <u>Counts</u>.  The effect of this complaint is a "shotgun pleading" which leaves the Defendants unable to defend themselves.  The General Rules of Pleading require the plaintiff to plead a "short plain statement of the claim showing the pleader is entitled to relief" and requires pleader to state, "a demand for relief sought" Fed. R. Civ. P. Rule 8.  "A Party must state its claims…in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. Rule 10.  However, Plaintiff's THIRD AMENDED COMPLAINT [DK#81] fails to identify any Counts and is a "shotgun" pleading.

The most common type of shotgun pleading is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.  The second type of shotgun pleading is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of

shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Finally, there is the complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Weiland v. Palm Beach County Sheriff's Office*, 792 F. 3d 1313 (11th Cir. 2015).[11] Plaintiff's Third Amended Complaint [Dk#81] is a shotgun pleading for all of these reasons.

"The complaint must set out the elements and the facts that support them so that the court and the defendant can **clearly determine what is being alleged**". (emphasis added) *Barrett v. City if Margate*, 743 So.2d 1160 (Fla.4th DCA 1999). A "shotgun complaint" contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts contain irrelevant factual allegations and legal conclusions. *Watson v. HSBC Card Services, Inc*, 2010 WL 4337911 (M.D. Fla.) citing *Strategic Income Fund, L.L.C v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293 (11th Cir. 2002). The Plaintiff's THIRD AMENDED COMPLAINT [DK#81] should stand on its own within the Federal and Local Rules and neither the Defendants, nor the Court, should have to rely on the Court to act as Gatekeeper to the extraneous elements.

---

[11] Also see, *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg*, 305 F.3d 1293, 1295-97 (11th Cir.2002), especially at FN 9; *Starship Enterprises of Atlanta, Inc. v. Coweta County, Ga.*, 708 F.3d 1243, 1250 FN7 (11th Cir. 2013).

Plaintiff's THIRD AMENDED COMPLAINT [DE#81] is a shotgun pleading and must be dismissed.

## HECK v. HUMPHREY PRECLUDES PLAINTIFF'S CLAIMS

YAEGER's THIRD AMENDED COMPLAINT [DE#81] is based upon the events of April 15, 2017, wherein he was arrested by Deputies of the Hillsborough County Sheriff's Office for Trafficking Methamphetamine, *inter alai*, out of the Residence Inn Marriott. Any alleged claims, to the extent he has properly plead them, arise from this arrest. Further, each claim is predicated on the argument that the entry was unlawful, thus implying the subsequent search, seizure and arrest were all unlawful. These allegations directly question the validity of his guilty plea to Conspiracy to Distribute 50 Grams or More of Methamphetamine wherein he was committed to the United States Bureau of Prisons for one hundred sixty-eight (168) months, under federal case 1:17-cr-00241 AJT, in the United States District Court for the Eastern District of Virginia, Alexandria Division.

YAEGER's state charges of Trafficking Methamphetamines 28-200 grams, in Hillsborough County, Florida, on April 15, 2017, under case number 17-CF-5646, were dropped in favor of federal prosecution in the United States District Court for the Middle District of Florida under case number 8:17-mj-01607-AEP and those charges were likewise dropped in favor of federal prosecution in the United States District Court for the Eastern District of Virginia, Alexandria Division. Ultimately,

YAEGER plead guilty (See Exhibit #5)[12] to Conspiracy to Distribute 50 Grams or More of Methamphetamine, in case number 1:17-cr-00241 AJT, in the United States District Court for the Eastern District of Virginia, Alexandria Division based partly on the arrest in Hillsborough County on April 15, 2017.

Accordingly, in the statement of facts in YAEGER's plea agreement and Defendant's Position with Respect to Sentencing both reference the charges in Hillsborough County on April 15, 2017, as being included and contemplated in his guilty plea. YAEGER's guilty plea to Conspiracy to Distribute 50 Grams or More of Methamphetamine resulted in him being committed to the United States Bureau of Prisons for one hundred sixty-eight (168) months.

Additionally, YAEGER plead guilty, filed a motion for **acceptance of responsibility** (See Exhibit #6),[13] argued for and received credit for his time served in Florida state custody while awaiting trial because **the charges were <u>related to federal case 1:17-cr-00241 AJT</u>**, and because those charges "were dropped in favor of federal prosecution"(See Exhibit #1).[14]

---

[12]Plea Agreement [DE#24], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

[13]See Motion for acceptance of responsibility [DE#35], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

[14] See P.1-2 of Defendant's Position with Respect to Sentencing [DE#36], Case 1:17-cr-00241 AJT, In the United States District Court for the Eastern District of Virginia, Alexandria Division.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) Congress determined that habeas corpus is the appropriate remedy for prisoners attacking the validity of their confinement, and that specific determination must override the general terms of Section 1983. Yeager is attempting to bypass this process by claiming civil rights violations under 42 U.S.C. section 1983, based on a conviction that is not under appeal, not been expunged, and not called into question by a *writ of habeas corpus*. Civil tort actions, such as section 1983, are not appropriate vehicles for challenging the validity of outstanding criminal judgments, as such a claim for damages requires the plaintiff to prove the unlawfulness of his conviction or confinement.

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. YAEGER has not, and cannot, allege such a position.

YAEGER's claim for damages is based upon a conviction that has *not* been invalidated and therefore his claim is not cognizable under 42 U.S.C. Section 1983. In order for his claim to proceed, YAEGER would be challenging the legality of his

conviction of one hundred sixty-eight (168) months, under federal case 1:17-cr-00241 AJT, in the United States District Court for the Eastern District of Virginia, Alexandria Division. To allow this litigation to proceed would permit a collateral attack on this conviction.

When a plaintiff brings a 42 U.S.C. section 1983 suit for monetary damages that "would necessarily imply the invalidity of his conviction or sentence," the suit "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated", *Yeager v. Binford,* 2019 WL 630296 citing *Heck* at 487. The purpose of the *Heck* rule is "to limit the opportunities for collateral attack on state court convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." *Yeager* citing *Abella v. Rubino*, 63 F.3d 1063 (11th Cir. 1995). Thus, when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Plaintiff cannot demonstrate that his conviction has been invalidated, therefore Plaintiff's THIRD AMENDED COMPLAINT [DE#81] must be dismissed.

## JUDICIAL ESTOPPEL PRECLUDES PLAINTIFF'S CLAIMS

The equitable doctrine of judicial estoppel is intended to protect courts against parties who seek to manipulate the judicial process by changing their legal positions to suit the exigencies of the moment. Stated simply, the doctrine of judicial estoppel rests on the principle that "absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4477 (1981)). Judicial estoppel "is applied to the calculated assertion of divergent sworn positions ... [and] is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *McKinnon v. Blue Cross & Blue Shield of Ala.*, 935 F.2d 1187, 1192 (11th Cir.1991). Judicial estoppel is invoked "... to prevent parties from asserting inconsistent positions in legal proceedings and, thereby, undermining the integrity of the judicial system or gaining unfair advantage over the other parties." *Helson v. Nuvell Financial Services Corp.*, 2006 WL 1804583, at 2 (M.D.Fla.2006).

Under the theory of judicial estoppel, a party is precluded from asserting a claim in a legal proceeding that is inconsistent with a claim taken by the same party in a previous proceeding. See *Barger v. City of Cartersville, Georgia*, 348 F. 3d 1289,

1293 (11th Cir. 2003)(citing *Burnes v. Pemco Aeroplex, Inc.*, 291 F. 3d 1282 (11th Cir. 2002)). The applicability of judicial estoppel turns on two factors: (1) whether the allegedly inconsistent statements were made under oath in a prior proceeding; and (2) whether the inconsistencies were calculated to make a mockery of the judicial system. See *Barger*, 348 F. 3d at 1293–94. "For purposes of judicial estoppel, intent is a purposeful contradiction-not simple error or inadvertence." Id. at 1294.

In *Slater v. U.S. Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017), the Court overruled portions of this analysis in the Bankruptcy setting, preferring consideration of all the facts in determining whether the Plaintiff had the requisite intent to make a mockery of the judicial system over an inference.

When considering the *Slater* totality of circumstances analysis to determine whether YAEGER intended to make a mockery of the judicial system, we must first look to YAEGER'S federal case 1:17-cr-00241 AJT, in the United States District Court for the Eastern District of Virginia, Alexandria Division.  In this case,  YAEGER testified under oath, submitted a signed plea agreement (Exhibit #5), Statement of Facts (Exhibit #2), submitted a Motion for Acceptance of Responsibility pursuant to U.S.S.G. section 3E1.1(b)(Exhibit #6), and submitted Defendant's Position with Respect to Sentencing (Exhibit #1), wherein he plead guilty to using hotels in the Middle District of Florida to distribute methamphetamine and argued for credit for time served for the time he was held in Florida State custody on charges "related to"

federal case 1:17-cr-00241 AJT and was granted four months credit for the time he spent in Florida state custody awaiting trial.

After being sentenced, YAEGER filed the case at bar and in his THIRD AMENDED COMPLAINT [DE#81] averred contentions directly contrary and inconsistent to his own sworn testimony in federal case 1:17-cr-00241 AJT, in the United States District Court for the Eastern District of Virginia, Alexandria Division.

Finally, and most egregiously, YAEGER sought leniency from the Honorable Judge Anthony Trenga, in case 1:17-cr-00241 AJT, when he filed his *Pro Se* Motion for Compassionate Release (Exhibit #4). In his Motion, YAEGER completely contradicted the instant case when he stated "There is no doubt the charges that brought the Defendant to prison are quite serious and the Defendant has **no one but himself to blame for his egregious conduct**" (Emphasis added). YAEGER filed this Motion and made this assertion <u>after</u> SHERIFF filed his Motion to Dismiss calling into question plaintiff's duplicitous claims, and therefore <u>after</u> YAEGER was informed of SHERIFF'S *Heck v. Humphrey* and Equitablle Estoppel arguments.

It is clear that YAEGER's claims are a purposeful contradiction, to his sworn testimony, simply to make a mockery of the judicial system and not a simple error or inadvertence. It is completely contrariant to plead guilty, request leniency for acceptance of responsibility, request credit for time served because the charges plead to were related to the incarceration, request compasionate leniency while blaming

Page -18-

"no one but myself" and then concurrently claim to be a civil rights victim based on the same factual basis. Thus, it is evident that the inconsistencies in the use of allegations was calculated solely to create a 42 U.S.C. section 1983 claim and an attempt to make a mockery of the judicial system and therefore THIRD AMENDED COMPLAINT [DE#81] must be dismissed.

WHEREFORE, Defendant, based upon the arguments herein, respectfully seeks the entry of an order Dismissing Plaintiff's THIRD AMENDED COMPLAINT [DE#81] upon all Defendants.

/s/ Marc S. Makholm
MARC S. MAKHOLM, ESQ.
Florida Bar No.: 94854
Hillsborough County Sheriff's Office
2008 E. 8th Avenue
Post Office Box 3371
Tampa, Florida  33601
Telephone (813) 247-8046
Facsimile  (813) 242-1817
mmakholm@hcso.tampa.fl.us
Trial Counsel for Defendants Sergeant Ryan Balseiro, Deputy Shawn M. Lunghi, Deputy Breanna C. Rodriguez and Deputy Benjamin D. Thompson

**CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY* that I electronically filed Defendants' Motion to Dismiss with the Clerk of Court using the CM/ECF system and that a true and

correct copy of the foregoing has been furnished by U. S. Mail, postage prepaid, to: SHAWN YAEGER, Federal Reg #23618-112, Fort Dix - FCI, Post Office Box 2000, Joint Base MDL, NJ 08640, *Pro Se Plaintiff*, on this the  14th  day of June, 2022.

                                             */s/ Marc S. Makholm*
                                             MARC S. MAKHOLM, ESQ.